IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DAVID COADES, | CIVIL ACTION |
| --- | --- |
| Petitioner, | |
| v. | |
| CHESTER COUNTY COURT PA-TRIAL COURT, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and CRIMINAL ACTION MAY 2012-NO. CR-00190-1976, | NO. 12-2660 |
| Respondents. | |

## MEMORANDUM

DuBOIS, J.                                                                                                                          JUNE 25, 2015

### I.    INTRODUCTION

Presently before the Court is "Motion for Reconsideration of the Order of June 9, 2015. [sic] Because the Petitioner Erred in the Citation Under Rule 60 (b) in Petition" ("Motion for Reconsideration") filed by *pro se* petitioner, David Coades ("Coades"). The Motion for Relief from Judgement [sic] or Order under Rule 60(b) ("Rule 60(b) Motion") at issue sought relief from the Judgment of the United States Court of Appeals for the Third Circuit dated August 7, 2014. That Rule 60(b) Motion was denied by Order dated June 9, 2015, on the ground that this Court has no jurisdiction to grant relief from an Order of the Court of Appeals.

In the Motion for Reconsideration and in his Rule 60(b) Motion Coades states that he is entitled to relief pursuant to the Supreme Court decisions in *Martinez v. Ryan*, 566 U.S. _____, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 569 U.S. \_\_\_\_\_, 133 S. Ct. 1911 (2013), and that he erred in asking for relief from a judgment of the Court of Appeals dated August 7, 2014, in his Rule 60(b) Motion. The Court grants the Motion for Reconsideration, considers Coades's

arguments under *Martinez* and *Trevino*, and rejects them. Specifically, Coades's *Martinez* claims are not timely and *Trevino* is inapplicable to his claims.

## II. BACKGROUND

Coades's Petition for Habeas Corpus Under 28 U.S.C. § 2254 ("Habeas Petition") was dismissed by Order dated September 13, 2012, for lack of subject matter jurisdiction without prejudice to Coades's right to seek authorization to file a second or successive petition from the Court of Appeals or to proceed pursuant to Federal Rule of Civil Procedure 60(b). Coades thereafter filed a Notice of Appeal in the United States Court of Appeals for the Third Circuit. That Court, by Order dated December 18, 2012, denied the application under 28 U.S.C. § 2244. In its Order, the Court of Appeals stated "[p]etitioner's reliance on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), is misplaced because *Martinez* did not announce 'a new rule of constitutional law, made retroactive on cases on collateral review by the Supreme Court.'" Continuing, the Court of Appeals stated that "[p]etitioner also does not explain whether or how the narrow holding of *Martinez* applies to him."

On June 4, 2013, Coades filed a Motion for Review under Rule 60(b). By Order dated July 17, 2013, the Motion for Review was denied without prejudice to Coades's right to seek authorization to file a second or successive *habeas corpus* petition from the Court of Appeals or to proceed pursuant to Rule 60(b).

The instant Rule 60(b) Motion was filed on December 24, 2014. It was denied by Order dated June 9, 2015, on the ground that it sought ". . . relief from the adverse judgment entered on August 7, 2014, by the U.S. Courts [sic] of Appeals for the Third Circuit," which this Court has no jurisdiction to consider. Coades thereafter filed a Motion for Reconsideration, explaining that he erred in making reference to the judgment of the Court of Appeals entered on August 7, 2014.

On this issue the Court notes that there was no judgment entered on that date by the Court of Appeals in this case. Based on Coades's explanation the Court grants the Motion for Reconsideration and will consider his Rule 60(b) Motion based on *Martinez* and *Trevino*.

### III. LEGAL STANDARD

Rule 60(b) provides, in relevant part, that relief from judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'" *United States v. Hernandez*, 158 F. Supp. 2d 388, 392 (D. Del. 2001) (*quoting Ross v Meagan*, 638 F.2d 646, 648 (3d Cir. 1981)).

"All motions filed pursuant to Rule 60(b) must be made within a 'reasonable time.'" *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010). "What constitutes a 'reasonable time' under Rule 60(b) is to be decided under the circumstances of each case." *Id.* (citation omitted). "As a general matter, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless 'extraordinary

3

circumstances excuse the [party's] failure to proceed sooner." *Ortiz v. Pierce*, No. 08-4877, 2014 WL 3909138, at *1 (D. Del. Aug. 11, 2014 (*citing Ackerman v. United States*, 340 U.S. 193, 202 (1950)).

**IV. DISCUSSION**

It is difficult to determine the arguments being made by Coades in his Rule 60(b) Motion and his Motion for Reconsideration. He appears to be arguing that he exercised reasonable diligence in attempting to present his *Martinez* claims to the Court of Appeals. He also appears to argue that he filed the Rule 60(b) Motion within a short time after the decision in *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014), and thus it was timely filed. Finally, he argues he is entitled to relief under *Trevino*.

**A. Claims Based on *Martinez v. Ryan***

The Court concludes that Coades's Rule 60(b) Motion, in which he seeks relief based on *Martinez*, was not brought within a reasonable time. *Martinez* was decided on March 20, 2012. Coades filed the Rule 60(b) Motion on December 24, 2014, more than thirty-three (33) months thereafter and more than two (2) years after the Court of Appeals declined to address his *Martinez* claims by Order dated December 18, 2012.[1] That constitutes an unreasonable delay in filing the Rule 60(b) Motion. Coades's argument that his Rule 60(b) Motion is timely because he filed it a little more than four months after the Court of Appeals decided *Cox* on August 7, 2014, is rejected for the reasons that follow.

The Court first notes that in *Martinez v. Ryan*, 566 U.S. \_\_\_\_, 132 S.Ct. 1309 (2012), the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial

---

[1] The Court does not decide in this Memorandum whether the Order of the Court of Appeals dated December 18, 2012, was a final order denying Coades's *Martinez* claims and instead will decide the Rule 60(b) Motion on the issue of whether it was timely filed.

counsel must be raised in an initial-review collateral proceeding, [i.e., a collateral proceeding that provides the first occasion for a defendant to raise a claim that trial counsel was ineffective,] a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. *Martinez* effected a change in the Supreme Court's *habeas corpus* jurisprudence, which previously had not recognized a claim for ineffective assistance of counsel at the post-trial stage that would excuse procedural default of a petitioner's claim. Recognizing this, in *Cox* the Court of Appeals provided guidance for district courts considering *Martinez* issues in Rule 60(b) and *habeas corpus* motions and remanded the Rule 60(b) motion at issue in that case to the district court for reconsideration in light of that guidance. *See Cox,* 757 F.3d at 124.

In *Cox,* the Court of Appeals made clear "at the outset that one of the critical factors in the equitable and case-dependent nature of the 60(b)(6) analysis ... is whether the 60(b)(6) motion was brought within a reasonable time of the *Martinez* decision." *Cox,* 757 F.3d at 115-16. The panel did not provide a specific time frame that it deemed reasonable, stating only that the petitioner's motion, which was filed 90 days after the *Martinez* decision, "[wa]s close enough to that decision to be deemed reasonable." *Id.* at 116. However, the panel warned that "unless a petitioner's motion for 60(b)(6) relief based on *Martinez* was brought within a reasonable time of that decision, the motion will fail." *Id.*

Coades's reliance on *Cox* to excuse his delay is misplaced. *Cox* merely provides courts with guidance in analyzing *Martinez* claims. On the issue of timeliness, *Cox* explains that one of the critical factors in the Rule 60(b) analysis is whether the Rule 60(b) motion was filed within a reasonable time after the *Martinez* decision. Moreover, Coades fails to present any

5

"extraordinary circumstances" which justify the delay in filing. *See Zahl v. Harper*, 403 F. App'x 729, 733-734 (3d Cir. 2010). Thus, the Court dismisses Coades's Rule 60(b) Motion based on *Martinez* as untimely filed.

### B. Claims Based on *Trevino v. Thaler*

Coades's reliance on *Trevino* is also misplaced. In that case the Supreme Court held that the narrow and equitable exception recognized in *Martinez* also applied in states such as Texas where ". . . a [s]tate's procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise an ineffective-assistance-of-trial-counsel claim on direct appeal." *Trevino*, 133 S. Ct. at 1912. Pennsylvania is a jurisdiction in which a petitioner seeking post conviction collateral relief in state court must present ineffective assistance of counsel claims upon post conviction collateral review. Thus, *Trevino* provides no basis for relief in this case.

## V. A CERTIFICATE OF APPEALABILITY WILL NOT ISSUE

A certificate of appealability shall issue only if a petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that Coades has not made such a showing with respect to his Rule 60(b) Motion. Therefore, a certificate of appealability will not issue.